UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

CARRIE ZOE KEMPER,                         )
                                           )
              Plaintiff                    )
                                           )
v.                                         )        Civil Action No. _____
                                           )
TERESA V. KEMPER,                          )
                                           )        **<u>JURY TRIAL DEMANDED</u>**
     **Serve:    Teresa V. Kemper**        )
                 426 Deer Run Road         )
                 Carrollton, KY 41008      )
                                           )
          and                              )
                                           )
CRAWFORD & BAXTER P.S.C.,                  )
                                           )
     **Serve:    Ruth H. Baxter, Registered Agent** )
                 523 Highland Ave.         )
                 P.O. Box 353              )
                 Carrollton, KY  41008     )
                                           )
          and                              )
                                           )
RUTH H. BAXTER,                            )
                                           )
     **Serve:    Ruth H. Baxter**          )
                 301 7th Street            )
                 Carrollton, KY 41008-1407 )
                                           )
          and                              )
                                           )
JAMES M. CRAWFORD,                         )
                                           )
     **Serve:    James M. Crawford**       )
                 301 7th Street            )
                 Carrollton, KY 41008-1407 )
                                           )
              Defendants.                  )


* * * * * *

## VERIFIED COMPLAINT

Plaintiff Carrie Zoe Kemper, for her Complaint against Defendants Teresa V. Kemper, Ruth H. Baxter, James M. Crawford, and Crawford & Baxter P.S.C., states as follows:

## STATEMENT OF THE CASE

1.      This is a case about the intentional and wrongful interference with the rights and property of Paul W. Kemper's only child, Carrie Zoe Kemper ("Zoe"). Paul died on January 7, 2017. Zoe is the sole beneficiary of Paul's Last Will and Testament.

2.      Crawford & Baxter P.S.C. had long been Paul's attorneys. Paul's Last Will and Testament was drafted and witnessed by James Crawford. Ruth Baxter assisted Paul in transferring his interest in Kemper Farms, LLC to Zoe prior to his death. At Paul's instructions, Ms. Baxter drafted the transfer document, witnessed Paul's execution of it, and personally signed it as a witness.

3.      Less than a week after Paul's death, and just two days after his funeral, Ms. Baxter met with Zoe and Paul's surviving spouse, Teresa V. Kemper. Ms. Baxter informed Zoe that Ms. Baxter was the attorney for Paul's Estate. Zoe reasonably believed that Ms. Baxter was providing both Zoe and Teresa legal advice and information regarding what steps they should take as beneficiaries of Paul's Estate. Ms. Baxter did not inform Zoe that Ms. Baxter was representing Teresa's personal interests adverse to Zoe's.

4.      That day Ms. Baxter and Teresa pressured Zoe to sign a document that purported to transfer Zoe's rights in an estate asset, Kemper Construction, to Teresa, without Zoe receiving any consideration in return, by falsely telling Zoe:

        a.   that Paul Kemper died intestate (i.e. without a will);

        b.   that an estate asset, Kemper Construction, LLC, had no value and was broke;

    c.   that Zoe needed to sign the document immediately so that Teresa could operate the company;

    d.   that Teresa could not effectively operate the company without Zoe's immediate signature; and

    e.   that Zoe's father would have wanted it that way.

5.    Teresa and Ms. Baxter refused (and continue to refuse) to provide true and complete financial information about Kemper Construction. On information and belief, Kemper Construction had current assets of more than $700,000 and had other depreciable assets worth over $3 million (if not including accumulated depreciation), and on information and belief generated significant net income, in addition to the generous salaries paid to the officers of the company, including Teresa. No need existed for Zoe to sign the transfer document two days after her father's funeral. Teresa allegedly already owned 50% of the company and as Administratrix of the Estate would effectively control 100% of the interests in Kemper Construction. No urgency existed.

6.    When Zoe retained a lawyer who questioned the propriety of the Kemper Construction transfer document, Ms. Baxter and Teresa retaliated by challenging the validity of Paul's transfer of Kemper Farms to Zoe, even though Ms. Baxter herself drafted the transfer document and witnessed Paul's execution of it.

7.    For ten months, Ms. Baxter and Teresa falsely held out to the world that Paul Kemper had no will. When threatened with imminent litigation, the Will was immediately produced, and Zoe learned she was the sole beneficiary. The Will had been in Baxter & Crawford's possession the whole time.

8.    These actions were designed to financially benefit Teresa to Zoe's detriment. Teresa's actions breached fiduciary duties and were otherwise tortious. Zoe seeks full recourse for those actions, the actions of the other Defendants, and the damages they have caused.

## PARTIES

9.    Plaintiff Carrie Zoe Kemper ("Zoe Kemper" or "Zoe") is a California resident and the daughter of Paul William Kemper by his first wife. Zoe is the only child of Paul William Kemper.

10.    Defendant Teresa V. Kemper ("Teresa Kemper" or "Teresa") is a Kentucky resident and is the second wife and surviving spouse of Paul William Kemper.

11.    Defendant Crawford & Baxter P.S.C. ("Crawford and Baxter") is a Kentucky Professional Services Corporation with a principal office located at 523 Highland Ave. P.O. Box 353, Carrollton, KY  41008. Its registered agent for service of process is Ruth H. Baxter, located at the same address.

12.    Defendant Ruth H. Baxter ("Ruth Baxter" or "Ms. Baxter") is a Kentucky resident and on information and belief is an owner of Crawford and Baxter.

13.    Defendant James M. Crawford ("James Crawford" or "Mr. Crawford") is a Kentucky resident and on information and belief is an owner of Crawford and Baxter.

## JURISDICTION AND VENUE

14.    This Court has personal jurisdiction over Defendants because each is domiciled in Kentucky.

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. As to the matter in controversy, the assets of Kemper Farms and

Kemper Construction alone are worth millions of dollars, and the damages sustained by Zoe far exceed the sum of $75,000.

16.    Venue is proper in this district pursuant to 28. U.S.C. § 1391(b)(1) and (2) because all defendants are residents of Kentucky and reside in this judicial district, and a substantial part of the events giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

*The Will*

17.    Paul William Kemper ("Paul Kemper" or "Paul") died on January 7, 2017, in Carrollton, Kentucky following his battle with cancer.

18.    Prior to Paul's death, Paul executed a Last Will and Testament (the "Will") naming his only child, Plaintiff Carrie Zoe Kemper, as sole beneficiary. (*See* **Exhibit 1**, Last Will and Testament of Paul W. Kemper). The Will was prepared by Defendant James Crawford. The Will nominated Mr. Crawford as Executor. Paul's execution of the Will was witnessed by three current owners and/or employees of Crawford & Baxter, P.S.C. (including Mr. Crawford himself), and the Will was held in Crawford & Baxter's custody.

19.    Subsequently, Ruth Baxter, on behalf of Crawford & Baxter, sent a letter to Paul and Teresa stating, "a review of our files indicates it has been several years since you executed your Last Will and Testament," demonstrating Ruth's and Teresa's actual knowledge of Paul's Will. (*See* **Exhibit 2**, Letter from Ruth Baxter to Paul and Teresa Kemper (July 21, 2011)).

20.    After Paul's death, on January 13, 2017 (two days after Paul's funeral), Ms. Baxter and Teresa met with Zoe. Ms. Baxter informed Zoe that Ms. Baxter was the attorney for Paul's Estate. Ms. Baxter and Teresa represented to Zoe that Paul died without a will.

21.     Zoe believed Paul had executed a will, but was assured by Ms. Baxter and Teresa he had not done so.

22.     Zoe reasonably believed that Ms. Baxter was providing both Zoe and Teresa legal advice and instruction regarding what steps they should take as beneficiaries of Paul's Estate. Ruth subsequently informed Zoe that because Paul died without a will, Teresa was entitled to one-half of Paul's real estate, which was worth over $1 million.

23.     Teresa, represented by Ms. Baxter, petitioned the probate court to appoint Teresa Administratrix, representing that Paul Kemper had no will. Teresa was appointed Administratrix of the Estate of Paul W. Kemper as if he died intestate.

24.     For almost 10 months, Crawford & Baxter and Teresa held out to the world that Paul died intestate, despite actual knowledge that Paul had executed a Will.

25.     Zoe, by counsel, demanded that Ms. Baxter and Teresa provide Zoe all documents, whether executed or unexecuted, drafts or otherwise, that were prepared for Paul—including his Wills and all correspondence with Paul leading up to his death.

26.     Ms. Baxter and Teresa would not provide Zoe the requested documents.

27.     Zoe, by counsel, then requested that Ms. Baxter, Crawford & Baxter, and Teresa each sign a tolling agreement to avoid immediate litigation and provide them an opportunity to resolve the disputes which are now the subject of this lawsuit.

28.     Within forty-eight (48) hours of Zoe requesting the tolling agreement, Ms. Baxter and Crawford & Baxter withdrew as counsel for Teresa.

29.     Within five (5) days of Zoe requesting the tolling agreement, Ms. Baxter tendered the previously concealed Will to the Clerk of the Carroll Circuit Court, but refused to sign the tolling agreement.

6

30.    When Zoe finally received a copy of the Will, she learned she was the sole beneficiary. Because a Will existed naming Zoe sole beneficiary, Teresa was not entitled to one-half of Paul's real estate. Assuming *arguendo* Teresa was entitled to anything from Paul's Estate, and she is not, she would be entitled to no more than one-third of Paul's real estate under Kentucky law.

*Kemper Farms, LLC*

31.    Prior to his death, Paul transferred 100% of his interest in an entity, Kemper Farms, LLC ("Kemper Farms"), to his daughter Zoe. This transfer was accomplished through documents drafted by Ms. Baxter at Paul's instruction.  Ms. Baxter personally brought the document to Paul, and she signed it after witnessing Paul sign it. (*See* **Exhibit 3**, Transfer of Kemper Farms). Teresa also witnessed Paul sign the document and knew he was transferring his interest in Kemper Farms to Zoe.

32.    Kemper Farms is a real estate holding company, with real estate assets worth millions.

33.    Kemper Farms had four members, each owning 25% of Kemper Farms, namely Paul Kemper, Teresa Kemper, David Kemper (Paul's Brother), and Debbie Kemper (David Kemper's wife). The other members of Kemper Farms (David and Debbie) were also informed of Paul's transfer of his interest to Zoe, no one objected, and they each consented and agreed to the transfer.

34.    Each member of Kemper Farms signed corporate documents acknowledging Zoe as a member. Ms. Baxter prepared a document titled "Agreement of the Partners of Kemper Farms, LLC," dated January 13, 2017, that acknowledged that "[t]he undersigned" are the "four

(4) partners of Kemper Farms, LLC," including "Carrie Zoe Kemper" as one of the four partners. (*See* **Exhibit 4**, Agreement of the Partners of Kemper Farms, LLC).

35.     Distributions were made to each of the Kemper Farms members by checks made out and signed by Teresa. Zoe received a distribution, by Check No. 1036, from the Kemper Farms checking account, dated January 20, 2017, made payable to "Zoe Kemper."

36.     Ms. Baxter later sent letters to Zoe in Zoe's capacity as a member of Kemper Farms.

37.     Zoe is listed as a member of Kemper Farms in the entity's most recent annual report as amended.

38.     A few months after Paul's death, when Zoe, through counsel, began questioning the propriety of the purported transfer of Kemper Construction from Zoe to Teresa, Ms. Baxter and Teresa retaliated by arguing Paul's transfer of Kemper Farms to Zoe was invalid.

*Kemper Construction, LLC*

39.     Kemper Construction, LLC ("Kemper Construction") is an entity that on information and belief was owned 50% by Paul Kemper and 50% by Teresa Kemper.

40.     Teresa and Ms. Baxter acknowledged that when Paul Kemper died, his interest in Kemper Construction, LLC became an asset of his Estate.

41.     When Ms. Baxter met with Teresa and Zoe on January 13, 2017 (two days after Paul's funeral), she advised Zoe to transfer Zoe's interests in Kemper Construction to Teresa and advised Zoe to sign a document Ms. Baxter had prepared, without Zoe receiving any consideration in return and without Zoe having any legal representation other than Ms. Baxter.

42.     Ms. Baxter and Teresa represented that Kemper Construction had no value and was broke.  They told Zoe she needed to sign the transfer document immediately so that Teresa

could operate the company. They told her that Teresa could not effectively operate the company without Zoe's immediate signature, and that failure to sign would endanger the company. They also told her that her father would want her to do this.

43.    Zoe asked Ruth and Teresa if she could have time to review the document. She asked if there was any way to maintain her interest in Kemper Construction and still have Teresa operate the Company. Zoe was told "no," and that she must sign immediately. Ruth Baxter stood behind Zoe, holding a pen over her shoulder, and pressured Zoe to sign the document drafted by Ms. Baxter attached as **Exhibit 5.**

44.    Zoe knew that Ruth Baxter and James Crawford had long been her family's attorneys' (even representing her grandfather decades ago). She trusted and relied on Ms. Baxter's advice and instruction.

45.    On information and belief, Kemper Construction at that time had current assets of more than $700,000 and had other depreciable assets worth over $3 million (if not including accumulated depreciation). On information and belief, Kemper Construction had significant net income, in addition to the generous salaries paid to the officers, including Teresa. The representation that Kemper Construction had no value was false.

46.    Ms. Baxter and Teresa knew Zoe's signature had no effect on Teresa's ability to operate Kemper Construction. Teresa was already the acting apex officer of Kemper Construction. Teresa claimed to already own 50% of Kemper Construction. As Administratrix of the Estate, Teresa would also be in control of the Estate's 50% of Kemper Construction. Thus Teresa would control 100% of the interests in Kemper Construction without any signatures from Zoe, and even after distribution of the Estate's assets would own a majority interest in Kemper Construction (had Paul actually died intestate). The representations that Zoe could not maintain

9

her inheritance rights to Kemper Construction without jeopardizing operations of the company were false.

47.    After Zoe retained legal representation, she questioned the propriety of the purported transfer of Kemper Construction to Teresa so soon after Paul's death, without Zoe having received any financial statements about the company and without receiving any consideration in return for the alleged transfer.

48.    Teresa, as Administratrix of the Estate, did not list Kemper Construction on the original inventory of the Estate even though Kemper Construction was beyond dispute an asset of the Estate. Teresa continues to allege that Zoe transferred her interest in Kemper Construction to Teresa.

49.    Zoe sought and still seeks financial information and documents regarding the actual value of Kemper Construction, but Ms. Baxter and Teresa would not provide and have not provided Zoe the financial statements, returns, and preliminary appraisals relating to the Company, even after Zoe agreed to and did sign an Agreed Protective Order.

50.    On information and belief, assuming Kemper Construction's financial returns and statements have not been amended or altered, they will establish that Kemper Construction has significant value.

*The Retaliation*

51.    Because Zoe sought legal representation and questioned the propriety of the purported transfer of Kemper Construction to Teresa, Ms. Baxter and Teresa retaliated against Zoe by challenging Paul's transfer of Kemper Farms to Zoe.

52.     By that time, months had already passed since Zoe was acknowledged as a Kemper Farms member by Ms. Baxter and Teresa. But on April 17, 2017, Ms. Baxter, on behalf of the Teresa, amended the Estate's inventory to include Zoe's interest in Kemper Farms.

53.     Ms. Baxter alleged that the transfer-of-Kemper-Farms document—which she herself drafted and witnessed—was invalid for its purported failure to comply with the Kemper Farms Operating Agreement. Ms. Baxter also had drafted the Kemper Farms Operating Agreement.

54.     The alleged invalidity of Paul's transfer of Kemper Farms to Zoe by the very attorney that effected the transfer is incredible and disingenuous. The invalidity was premised solely on Teresa's supposed lack of "written" consent to the transfer prior to Paul's death. This ignores, however, that (1) Teresa was physically present with Ms. Baxter and Paul when Paul signed the document; (2) Ms. Baxter and Teresa both informed Zoe of the transfer without stating any objection; and (3) Ms. Baxter and Teresa verbally and in writing expressed their acknowledgment and consent to the transfer, including through the corporate documents drafted by Ms. Baxter and signed by Teresa and as otherwise alleged in paragraphs 31 through 37 above.

55.     Ms. Baxter's and Teresa's months-after-the-fact argument with respect to the "invalidity" of the Transfer-of-Kemper-Farms document was retaliation for Zoe's assertion of her rights as a beneficiary of the Paul W. Kemper Estate and was a malicious and unlawful attempt to pressure Zoe to agree to transfer Kemper Construction for no consideration.

56.     The concealment of Paul's Will, the attempt to have Zoe transfer Kemper Construction based on false and incomplete information, the intentional interference with Paul's transfer of Kemper Farms to Zoe, the withholding of information from Zoe, and the impropriety of these actors' conduct entitles Zoe to the remedies demanded below.

57.     Teresa Kemper is no longer Administratrix of the Estate of Paul W. Kemper. When the Will was probated on December 13, 2017, she ceased being the Administratrix. Mr. Crawford declined to serve as Executor. The probate court denied Teresa's Petition to remain Administratrix and appointed Zoe Administratrix.

## CLAIMS AGAINST DEFENDANTS

### COUNT I—BREACH OF FIDUCIARY DUTY AGAINST TERESA V. KEMPER

58.     Zoe re-alleges paragraphs 1 through 57 above as if fully set forth herein.

59.     Teresa, as Administratrix of the Estate of Paul Kemper, owed certain fiduciary duties to Zoe.

60.     Through the above-described conduct, Teresa breached her fiduciary duties, including, but not limited to, by concealing the existence of Paul's Will for 10 months, by using misrepresentations and omissions to pressure Zoe to sign a document purporting to transfer Kemper Construction to Teresa without providing Zoe consideration in return, by challenging the validity of Paul's transfer of Kemper Farms to Zoe in order to pressure Zoe not to assert Zoe's rights as a beneficiary, by refusing to disclose financial information about the Estate's assets, and by otherwise taking actions designed to financially benefit Teresa to Zoe's detriment.

61.     Teresa's breaches of her fiduciary duties have caused injury to Zoe for which Zoe seeks damages.

62.     Teresa acted intentionally and/or willfully, wantonly, and recklessly with oppression, fraud, and malice, which entitles Zoe to punitive damages.

### COUNT II—AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST RUTH H. BAXTER

63.     Zoe re-alleges paragraphs 1 through 62 above as if fully set forth herein.

64.    Ruth Baxter knew that Teresa, as Administratrix of the Estate of Paul Kemper, owed certain fiduciary duties to Zoe.

65.    Through the above-described conduct, Ms. Baxter aided and abetted Teresa in Teresa breaching her fiduciary duties, including, but not limited to, by concealing the existence of Paul's Will for 10 months, by using misrepresentations and omissions to pressure Zoe to sign a document purporting to transfer Kemper Construction to Teresa without providing Zoe consideration in return, by using Zoe's reasonable belief that Ms. Baxter represented Zoe as a beneficiary of the Estate to assist Teresa in getting Zoe to sign the transfer document, by challenging the validity of Paul's transfer of Kemper Farms to Zoe (despite that she herself drafted the transfer and witnessed Paul executing it), and doing so in order to pressure Zoe not to assert Zoe's rights as a beneficiary, by refusing to disclose financial information about the Estate's assets, and by otherwise taking actions designed to assist Teresa in financially benefiting herself to Zoe's detriment.

66.    Ms. Baxter is liable for Teresa's breaches of her fiduciary duties, which have caused injury to Zoe and for which Zoe seeks damages.

67.    Ms. Baxter acted intentionally and/or willfully, wantonly, and recklessly with oppression, fraud, and malice, which entitles Zoe to punitive damages.

### COUNT III—TORTIOUS INTERFERENCE WITH INHERITANCE AGAINST TERESA V. KEMPER AND RUTH H. BAXTER

68.    Zoe re-alleges paragraphs 1 through 67 above as if fully set forth herein.

69.    Zoe, as the sole beneficiary of Paul Kemper's Will, is entitled to receive the assets of the Estate of Paul W. Kemper.

70.    Teresa and Ms. Baxter intentionally sought and continue to seek to prevent Zoe from receiving assets of the Estate through fraud, duress, and other tortious means as alleged

above, including, but not limited to, by concealing the existence of Paul's Will for 10 months, by using misrepresentations and omissions to pressure Zoe to sign a document purporting to transfer Kemper Construction to Teresa without providing Zoe consideration in return, and by challenging the validity of Paul's transfer of Kemper Farms to Zoe in order to pressure Zoe not to assert Zoe's rights as a beneficiary.

71.    Teresa and Ms. Baxter's intentional interference has caused injury to Zoe for which she seeks damages.

72.    Teresa and Ms. Baxter acted intentionally and/or willfully, wantonly, and recklessly with oppression, fraud, and malice, which entitles Zoe to punitive damages.

## COUNT IV—TORTIOUS INTERFERENCE WITH GIFT AGAINST TERESA V. KEMPER AND RUTH H. BAXTER

73.    Zoe re-alleges paragraphs 1 through 72 above as if fully set forth herein.

74.    Zoe was the intended beneficiary of Paul Kemper's transfer of his interest in Kemper Farms and Zoe was entitled to receive that interest.

75.    Teresa and Ms. Baxter intentionally sought and continue to seek to prevent Zoe from receiving the benefits of the transfer of Kemper Farms from Paul to Zoe, through fraud, duress, and other tortious means as alleged above.

76.    Teresa and Ms. Baxter's intentional interference has caused injury to Zoe for which she seeks damages.

77.    Teresa and Ms. Baxter acted intentionally and/or willfully, wantonly, and recklessly with oppression, fraud, and malice, which entitles Zoe to punitive damages.

## COUNT V—FRAUD BY MISREPRESNTATION, OMISSION, CONCEALMENT AND CONSTRUCTIVE FRAUD AGAINST TERESA V. KEMPER, RUTH H. BAXTER, AND JAMES CRAWFORD

78.    Zoe re-alleges paragraphs 1 through 77 above as if fully set forth herein.

79.     Teresa and Ms. Baxter made false, material misrepresentations that were known to be false or were made recklessly, including but not limited to that Ms. Baxter was acting for the interest of the Estate, that Paul Kemper died intestate, that Teresa was entitled to one-half of Paul's real estate, that Kemper Construction had no value and was broke, that Zoe needed to sign a document immediately so that Teresa could operate the company, that Teresa could not effectively operate the company without Zoe's immediate signature, that there was no way for Zoe to maintain her interest and rights to Kemper Construction, and that Zoe's father would have wanted it that way.

80.     Teresa and Ms. Baxter had a duty to disclose facts that they failed to disclose and concealed, including but not limited to that Paul had executed a will naming Zoe sole beneficiary, that because Zoe was sole beneficiary Teresa was not entitled to one-half of Paul's real estate, that Kemper Construction had $700,000 of current assets, that depreciable assets of Kemper Construction were valued at over $3 million before accumulated depreciation, that the company generated significant net income, that the salaries of the officers were substantial, and that Ms. Baxter was acting adverse to Zoe's interests on behalf of Teresa, individually.

81.     Those misrepresentations, omissions, and concealment were made to induce Zoe's action, and she did so act. She signed the document attached as Exhibit 5—which thereby caused Zoe injury. She acquiesced to Teresa serving as Administratrix, which thereby caused Zoe injury. Zoe's position was changed prejudicially and materially as from if Zoe had known of the Will and that she was sole beneficiary, including but not limited to the handling of Paul's real estate.

82.     James M. Crawford is a named Defendant in this action for his failure to disclose the existence of the Will, as Mr. Crawford personally prepared the Will, Crawford & Baxter had

possession of the Will, and Crawford & Baxter represented the Estate of Paul W. Kemper and the Administratrix. On information and belief, Mr. Crawford is married to Ruth Baxter; thus, he had personal knowledge of the ongoing representation of the Estate of Paul Kemper, including that Ms. Baxter held out to the world that Paul Kemper died intestate.

83.     Teresa, Ms. Baxter, and Mr. Crawford breached legal duties which, irrespective of moral guilt, the law should pronounce fraudulent because of its tendency to deceive others, to violate confidence, and to injure public interests.

84.     Due to the fraudulent and unlawful misconduct alleged above, Teresa has forfeited and relinquished and is barred and estopped from receiving the rights and benefits, if any, she may have held by renunciation of Paul W. Kemper's Will.

85.     Teresa, Ms. Baxter, and James Crawford acted intentionally and/or willfully, wantonly, and recklessly with oppression, fraud, and malice, which entitles Zoe to punitive damages.

### COUNT VI—PROFESSIONAL NEGLIGENCE AGAINST RUTH BAXTER AND CRAWORD & BAXTER REGARDING KEMPER CONSTRUCTION

86.     Zoe re-alleges paragraphs 1 through 85 above as if fully set forth herein.

87.     When Ruth Baxter met with Zoe and Teresa less than a week after Paul's death, and just two days after his funeral, Ms. Baxter informed Zoe that Ms. Baxter was the attorney for Paul's Estate. Zoe reasonably believed that Ms. Baxter was providing both Zoe and Teresa legal advice and information regarding what steps they should take as beneficiaries of Paul's Estate.

88.     Ruth Baxter breached her duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances, including but not limited to by concealing the Will, by failing to disclose that Ms. Baxter was representing Teresa and was acting adverse to Zoe's interests, by pressuring Zoe to sign a document which purported to

transfer Zoe's rights to Kemper Construction to Teresa without providing true and complete information about the asset or Zoe's legal rights as a beneficiary and without Zoe receiving any consideration in return, by misrepresenting the urgency or need for Zoe to sign such a document, and by failing to disclose to Zoe any potential consequences of such a transfer.

89.     Ms. Baxter's negligence has caused injury to Zoe for which she seeks damages, including but not limited to the value of Kemper Construction.

90.     Ms. Baxter acted intentionally and/or willfully, wantonly, and recklessly with oppression, fraud, and malice, which entitles Zoe to punitive damages.

### COUNT VII—PROFESSIONAL NEGLIGENCE AGAINST RUTH BAXTER AND CRAWORD & BAXTER REGARDING KEMPER FARMS

91.     Zoe re-alleges paragraphs 1 through 90 above as if fully set forth herein.

92.     Zoe Kemper was the intended beneficiary of Ruth Baxter's legal services to Paul concerning the transfer of Paul's interest in Kemper Farms to Zoe, and Ms. Baxter's services in this regard were primarily and directly intended to benefit Zoe.

93.     Ms. Baxter breached her duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances—not only in the drafting and execution of the transfer document but also in her subsequent conduct regarding those services, including by later challenging the validity of her own work product to pressure Zoe not to assert Zoe's rights as a beneficiary.

94.     Ms. Baxter's negligence has caused injury to Zoe for which she seeks damages, including but not limited to the value of any alleged failure of Paul Kemper's intended transfer.

95.     Ms. Baxter acted intentionally and/or willfully, wantonly, and recklessly with oppression, fraud, and malice, which entitles Zoe to punitive damages.

### COUNT VIII—CIVIL CONSPIRACY

96.    Zoe re-alleges paragraphs 1 through 95 above as if fully set forth herein.

97.    Teresa Kemper, Ruth Baxter, and Crawford & Baxter P.S.C. entered into an unlawful agreement or plan for the purpose of accomplishing unlawful goals and took overt acts toward those goals as alleged herein.

98.    These actions, taken in concert and/or with a common design, have caused injury to Zoe for which she seeks damages.

99.    This conduct constitutes acts toward Zoe of oppression, fraud, and malice taken intentionally and/or willfully, wantonly, recklessly, and for which Zoe is entitled to recover punitive damages.

### COUNT IX—VICARIOUS LIABILITY OF CRAWFORD & BAXTER, P.S.C.

100.    Zoe re-alleges paragraphs 1 through 99 as if fully set forth herein.

101.    Defendants Ruth H. Baxter and James Crawford were acting as agents of Crawford & Baxter, P.S.C. with respect to all of their conduct alleged in this action.

102.    Accordingly, Crawford & Baxter P.S.C. is jointly and severally liable for all damages caused by Ruth H. Baxter and James Crawford.

103.    Because Crawford & Baxter P.S.C. authorized and ratified the conduct in question, punitive damages should also be assessed against Crawford & Baxter P.S.C.

### COUNT VIII—DECLARATORY JUDGMENT

104.    Zoe re-alleges paragraphs 1 through 103 above as if fully set forth herein.

105.    An actual controversy exists between Zoe and Teresa regarding whether Zoe transferred any interest in Kemper Construction to Teresa, including but not limited to whether Zoe received any consideration for such transfer, whether Zoe could have transferred Estate

assets at that point in time, and whether Zoe was fraudulently induced into signing the document by her attorney and her fiduciary.

106.    Zoe requests the court declare the rights of the parties, including a declaration that any purported transfer of Kemper Construction, LLC from Zoe Kemper to Teresa Kemper is invalid.

**WHEREFORE**, Zoe requests that the Court award judgment as follows:

1. Award Zoe damages, and additionally punitive damages, in a sum to be proven at trial;

2. Award judgment that due to fraudulent and unlawful misconduct, Teresa has forfeited and relinquished and is barred and estopped from receiving the rights and benefits, if any, she may have held by renunciation of Paul W. Kemper's Will;

3. Declare that the purported transfer of Kemper Construction, LLC from Zoe Kemper to Teresa Kemper is invalid;

4. Award Zoe all litigation expenses, including court costs and attorneys' fees;

5. Award Zoe all applicable pre- and post-judgment interest at the legal rate on damages awarded until paid;

6. Grant Zoe such other and further relief as the Court deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,

FROST BROWN TODD LLC

/s/ A. Thomas Sturgeon III
Cory J. Skolnick
A. Thomas Sturgeon III
FROST BROWN TODD LLC
400 West Market Street, Suite 3200
Louisville, KY  40202
(502) 589-5400
(502) 581-1087 Facsimile
cskolnick@fbtlaw.com
tsturgeon@fbtlaw.com
*Counsel for Plaintiff,*
*Carrie Zoe Kemper*

</div>

## **VERIFICATION**

I, Carrie Zoe Kemper, after being duly sworn, hereby state for the purposes of verifying the allegations contained in the Complaint set forth above, that I have read the foregoing Complaint, and the allegations contained therein are true and accurate to the best of my knowledge and belief.

Carrie Zoe Kemper, Plaintiff

STATE OF CALIFORNIA          )
                                                       ) :SS
COUNTY OF LOS ANGELES     )

The foregoing was acknowledged before me by Carrie Zoe Kemper, Plaintiff, on this ____ day of January 2018.

PLEASE SEE
THE ATTACHED
UPDATED
NOTARIAL CERTIFICATE
A.0. 01 / 10 / 2018

NOTARY PUBLIC

My Commission Expires: _____

0136194.0647732   4830-0910-5498v3

# CALIFORNIA ALL PURPOSE ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                      }

COUNTY OF _Los Angeles_ }

On _Jan. 10, 18_ before me , _____ _Argelia Ortiz_ _____ Notary Public,

      Date                                                    (here insert name and title of the officer)

personally appeared _Carrie Zoe Kemper_ _____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Argelia Ortiz_ _____ (Seal)

```
ARGELIA ORTIZ
Notary Public - California
Los Angeles County
Commission # 2166818
My Comm. Expires Nov 2, 2020
```

_____ OPTIONAL _____

Description of Attached Document

Title or Type of Document: _Verification_ _____    Number of Pages: _01_

Document Date: _____    Other: _____

2015 Apostille Service, 707-992-5551 www.CaliforniaApostille.us    California Mobile Notary Network  www.CAMNN.com