UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| CARRIE ZOE KEMPER, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 3:18-cv-00002-GFVT |
| ) | |
| v. ) | |
| ) | |
| TERESA V. KEMPER, et al., ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendants. ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Teresa V. Kemper's Motion to Dismiss for Lack of Jurisdiction [R. 8] and Motion for Judgment on the Pleadings by Ruth H. Baxter, James M. Crawford, Crawford & Baxter P.S.C. [R. 9]. The Defendants argue that this case should be dismissed due to lack of diversity jurisdiction after adding the Estate, a necessary party. This Court agrees and the Motion to Dismiss [R. 8; R. 9] is **GRANTED**.

**I**

**A**

This case was brought by Carrie Zoe Kemper, the sole beneficiary of her father's (Paul's) Last Will and Testament against Teresa V. Kemper, Paul's wife, and Paul's attorneys, James Crawford and Ruth Baxter. [R. 1.] Paul owned a number of businesses, including Kemper Farms, Kemper Construction, Kemper Hauling, among others. [*See* R. 9-1.] Crawford drafted and witnessed his will and Baxter helped with transferring Kemper Farms, LLC to Zoe prior to Paul's death. [*See* R. 1 at 2.]

Paul Kemper died on January 7, 2017. [R. 1 at 2.] Less than a week after he passed away, Baxter and Teresa allegedly pressured Zoe into signing a document transferring her rights

in Kemper Construction to Teresa. [R. 1 at 2.] Zoe alleges Baxter and Teresa told her that Paul died intestate and Kemper Construction was broke. [R. 1 at 2.] Teresa was named Administratrix of Paul's estate. [R. 1 at 12.] Ten months after Paul died, Baxter and Crawford produced Paul's will. [R. 1 at 3.] As a result, in December 2017, probate court appointed Zoe as the Administratrix of Paul's estate. [R. 1 at 12.]

Zoe is a California resident and the defendants, Teresa Kemper, Crawford, and Baxter are all residents of Kentucky. [R. 1 at 4.] Zoe alleges this Court has subject matter jurisdiction according to 28 U.S.C. § 1332(a). She brings several claims: Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Tortious Interference with Inheritance, Tortious Interference with Gift, Fraud by Misrepresentation, Professional Negligence, Civil Conspiracy, and Vicarious Liability. [*See* R. 1.] Zoe requests various remedies, including: "[a]ward judgment that due to fraudulent and unlawful misconduct, Teresa has forfeited and relinquished and is barred and estopped from receiving the rights and benefits, if any, she may have held by renunciation of Paul W. Kemper's Will," and "[d]eclare that the purported transfer of Kemper Construction, LLC from Zoe Kemper to Teresa Kemper is invalid." [R. 1 at 19.]

## II

Defendants seek to dismiss this action under Fed. R. Civ. P. 12 for "failure to join a party under Rule 19." Federal Rule of Civil Procedure 19 governs when a party is required for litigation to continue. It holds in relevant part that:

> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> 
> . . .
> 
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> > (2) the extent to which any prejudice could be lessened or avoided by:
> > > (A) protective provisions in the judgment;
> > > (B) shaping the relief; or
> > > (C) other measures;
> > (3) whether a judgment rendered in the person's absence would be adequate; and
> > (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19. Out of this rule, the Sixth Circuit has established a three-step analysis. First, the Court determines whether a party is necessary; second, the Court considers "whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction;" and third, the Court looks to rule 19(b) to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party [being] thus regarded as indispensable." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001).

Looking first to FRCP 19(a), this Court finds that Paul's estate is a necessary party. Paul's estate must be joined, if feasible, as "the court cannot accord complete relief among existing parties" without the estate joined and "an interest relating to the subject of the action and is so situated that disposing of the action in the [estate's] absence may . . . as a practical matter impair or impede the [estate's] ability to protect the interest." Fed. R. Civ. P. 19. Zoe seeks

"judgment that due to fraudulent and unlawful misconduct, Teresa has forfeited and relinquished and is barred and estopped from receiving the rights and benefits, if any, she may have held by renunciation of Paul W. Kemper's Will," and for a declaration that "the purported transfer of Kemper Construction, LLC from Zoe Kemper to Teresa Kemper is invalid." [R. 1 at 19.] Kemper Construction is included as part of Paul's estate. [R. 8-3 at 2.] This Court cannot exercise control over Kemper Construction as it has not been joined as a party and if, it is joined as a party, the estate must be joined too. Likewise, Kemper Construction cannot protect itself from findings regarding the transfer from Teresa to Zoe. Accordingly, the estate is a necessary party and meets the criteria under FRCP 19(a).

As for the second step, Plaintiff and Defendant agree that joining Paul's estate would defeat diversity and, thus subject matter, jurisdiction.[1] [R. 9 at 2; R. 14 at 1.] For the third step, the Court looks to FRCP 19(b) to determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19. In considering the factors of FRCP 19(b), Zoe conflates Rule 19(b) and the probate exception and does not explain why this case should not be dismissed according to the factors listed in Rule 19(b).[2] [*See* R. 9 at 2.] The factors under 19(b) for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and

---

[1] "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2); *Watson ex rel. Estate of Simon v. Herenton*, No. 04-2400 B, 2005 WL 2177002, at *1 (W.D. Tenn. Sept. 8, 2005); [*See* R. 8-3, showing Paul's Estate in Carroll County, Kentucky.].

[2] Some counts of Zoe's complaint could likely also be dismissed by the probate exception in addition to nonjoiner or in the alternative.

> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

"The rule is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1346 (6th Cir. 1993).

Turning to the four factors, first, Zoe seeks to prevent Teresa from asserting her claim to the Will and for this Court to "declare that the purported transfer of Kemper Construction, LLC from Zoe Kemper to Teresa Kemper is invalid." Though this requires a somewhat backward analysis, as Zoe is the Administratrix of the estate, the estate could be prejudiced by this Court's ruling on either of these requests for relief if the Court finds for either Zoe or Teresa. For example, if this Court found that the transfer of Kemper Construction from Zoe to Teresa was lawful, it would have to remove Kemper Construction from the estate, which could be prejudicial to the estate.

Similarly, this Court was not presented with any way to lessen the prejudice to the estate and is unable to imagine a remedy that would lessen the prejudice. See *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (quoting 7 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1608, pp. 106–110 (3d ed.2001) ("collecting cases using alternative forms of relief, including the granting of money damages rather than specific performance, the use of declaratory judgment, and the direction that payment be withheld pending suits against the absent party.")). The estate is inextricably bound in Zoe's complaint and the specific relief she seeks will necessarily affect the estate, which she administers.

Third, this Court cannot afford parties an adequate remedy without the estate. Though Zoe makes many arguments that her lawsuit is solely *in personam*, the specific relief she seeks is part of the estate she administrates. Adequacy is defined as the "social interest in the efficient

administration of justice and the avoidance of multiple litigation." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008). There is no adequate relief available that does not disturb the estate or require multiple lawsuits, as any finding by this Court necessarily involves the estate.

Fourth, the Plaintiff will have an adequate remedy by dismissing this action for nonjoinder by bringing her action in state court. Though not a rigid application, this Court finds that all four factors under Rule 19(b) can be answered such that, in equity and good conscience, this action should be dismissed as the estate of Paul is a necessary and indispensable party according to FRCP 19(b). Since the indispensable party was not joined, this action is dismissed under Fed. R. Civ. P. 12(b)(7) for failure to join a party.

### III

Accordingly, and the Court being otherwise sufficiently advised,

1. Teresa Kemper's Motion to Dismiss [R. 8] is **GRANTED**;

2. Ruth Baxter and James Crawford's Motion for Judgment on the Pleadings [R. 10] is **GRANTED**;

3. Plaintiff's claims against the Defendants are **DISMISSED WITH PREJUDICE**;

4. Plaintiff's Motion to Supplement the Record [R. 15] is **GRANTED** and was considered in this opinion;

5. Each party shall bear his, her, or its own costs unless otherwise agreed to by the parties; and

6. This matter is **STRICKEN** from the Court's active docket.

This the 26th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge